THOMAS R. BURKE (State Bar No. 141930)
JEFF GLASSER (State Bar No. 252596)
JONATHAN L. SEGAL (State Bar No. 264238)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111
Telephone:    (415) 276-6500
Facsimile:    (415) 276-6599
Email:       thomasburke@dwt.com; jeffglasser@dwt.com;
             jonathansegal@dwt.com

Attorneys for Plaintiff First Amendment Coalition

IN THE UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| FIRST AMENDMENT COALITION, | ) | Case No. [                    ] |
| | ) | |
| Plaintiff, | ) | **FIRST AMENDMENT COALITION'S** |
| | ) | **COMPLAINT FOR DECLARATORY** |
| v. | ) | **RELIEF FOR VIOLATING FOIA** |
| | ) | |
| U.S. Department of Justice, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

DAVIS WRIGHT TREMAINE LLP

**Plaintiff, the First Amendment Coalition ("FAC"), alleges as follows:**

## INTRODUCTION

1.     FAC brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, as amended to enjoin the U.S. Department of Justice ("DOJ"), from continuing to improperly withhold agency records that address the government's use of targeted lethal force against U.S. citizens abroad who are believed to have joined forces with terrorist organizations engaged in attacks against Americans.

2.     The government's use of drones—unmanned, armed aerial vehicles—in military operations in the war in Afghanistan is public knowledge.  Although the government, as a matter of policy, does not officially acknowledge specific drone strikes outside of Afghanistan, their repeated use against suspected Taliban, Al Qaeda and other enemy fighters located in Pakistan, along the mountainous border with Afghanistan, is widely reported and well known, not least by the U.S.'s enemies.  Indeed, the Obama administration has emphasized its escalation of drone strikes as a central part of its strategy for management of the war in Afghanistan and for counterterrorism efforts generally.

3.     In September of 2011, Anwar al-Awlaki was killed by a U.S. drone strike in Yemen.  al-Awlaki was a U.S. citizen, born in New Mexico.  A supporter and propagandist for Al Qaeda in the Arabian Peninsula, al-Awlaki was believed by U.S. officials to have taken on an operational role in organizing terrorist attacks against the U.S. President Obama, in multiple statements, confirmed that al-Awlaki had been killed and that he was the intended target of the September attack.  The President said that the killing of al-Awlaki was a "success" that is a "tribute to our intelligence community."  The President also said of the attack on al-Awlaki, "we were able to remove him from the field."

4.     In October 2011 the New York Times, Washington Post and other news organizations reported on a Justice Department legal memorandum, written in early or mid-2010, concerning legal issues raised by the government's targeted killing of terrorists who are U.S. citizens. The memo, prepared by the Justice Department's Office of Legal Counsel ("OLC

DAVIS WRIGHT TREMAINE LLP

1   memo"), provided a legal analysis and justification for the U.S. government's targeted killing of

2   al-Awlaki, according to news reports.

3       5.    FAC, through this lawsuit, seeks the public disclosure of the OLC memo—or, more

4   specifically, as much of the OLC memo as can be released without harm to legitimate U.S.

5   national security interests.  This would include, at minimum, those portions of the OLC memo

6   discussing and analyzing legal and related issues concerning the selection of U.S. citizens abroad,

7   for targeting with lethal force.  FAC does not seek disclosure of information revealing intelligence

8   sources and methods, military capabilities, or other sensitive and properly classified matters that

9   may be included in the OLC memo.  Rather, FAC seeks to compel the DOJ to release a redacted

10  copy of the OLC memo or, alternatively, to publicly release an unclassified memorandum

11  containing the memo's legal and policy arguments regarding the use of targeted lethal force.

12      6.    The release of this information is critical to the public's ability to assess and be

13  informed of the government's activities.  The public is entitled to know, for example, how the

14  government's legal rationale for lethally targeting al-Awlaki distinguishes between an American

15  citizen overseas and an American citizen in the U.S., or between targets who are U.S. citizens and

16  targets who are not.  The public has a strong interest in knowing whether the government's legal

17  rationale would permit the killing of a U.S. citizen abroad in circumstances where he/she could

18  also be captured, or the degree of evidentiary certainty required before a U.S. citizen may be

19  targeted. Regardless of one's views about Obama administration policy in the counterterrorism

20  area, the assertion of the power to lethally target U.S. citizens, and to do so unilaterally, without

21  judicial oversight of any kind, is an extreme step warranting as much scrutiny and public debate as

22  are possible under the circumstances.  This is especially true when the assertion of this power is

23  based on a war against terrorism that is open-ended on a battlefield that has no clear geographical

24  borders.

25  ### JURISDICTION

26      7.    This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and

27  28 U.S.C. § 1331.

28

DAVIS WRIGHT TREMAINE LLP

DAVIS WRIGHT TREMAINE LLP

## VENUE

8.      Venue in the Northern District of California is proper under 5 U.S.C.
§ 552(a)(4)(B).  Independently, venue is proper in the Northern District of California in that
FAC's business office is in San Rafael, California.

## PARTIES

9.      Plaintiff First Amendment Coalition is a California non-profit organization.
Plaintiff First Amendment Coalition is a California non-profit organization dedicated to freedom
of speech and government transparency.  FAC provides legal information and consultations to
journalists, academics, bloggers and ordinary citizens regarding access rights under the FOIA and
California's various open-government laws.  FAC files amicus briefs in important appeals, both in
state and federal courts, including the U.S. Supreme Court.  FAC also files litigation to challenge
restrictions on free speech, to defend rights under existing access laws and to help create new
access rights for the public.

10.     Defendant U.S. Department of Justice is a federal agency within the meaning of 5
U.S.C. § 552(f) and 5 U.S.C. § 552a(a)(1).

## FACTS

11.     On October 5, 2011, FAC made a written FOIA request to the U.S. Justice
Department's Office of Legal Counsel seeking:  "A legal memorandum prepared by OLC
concerning the legality of the lethal targeting of Anwar al-Awlaki an American-born radical cleric
who, according to federal government officials, was killed September 30, 2011 in a U.S. drone
strike in Yemen.  The memorandum was the subject of a story ("Secret U.S. memo sanctioned
killing of Awlaki" in the September 30, 2011 Washington Post, in which multiple (albeit
unnamed) administration officials discussed the memorandum and internal government debates on
the legal issues addressed in it."  Attached as Exhibit A is a true and correct copy of FAC's FOIA
request.

12.     On October 25, 2011, DOJ responded that it "neither confirms nor denies the
existence of the document . . . "  DOJ said it must do so because "the very fact of the existence or
nonexistence of such a document is itself classified, protected from disclosure by statute, and

1   privileged."   Attached as Exhibit B is a true and correct copy of DOJ's response.

2   　　　　13.   On December 12, 2011, FAC filed an administrative appeal of DOJ's October 25,

3   2011 denial of FAC's FOIA request.   Attached as Exhibit C is a true and correct copy of FAC's

4   administrative appeal.

5   　　　　14.   By the terms of 5 U.S.C. § 522(a)(6)(A)(i), the time in which the DOJ was required

6   to respond to FAC's administrative appeal has expired.   As a result, FAC is deemed to have

7   exhausted its administrative remedies regarding its FOIA request.

8   　　　　15.   DOJ has wrongfully withheld the records sought by FAC.   There is a substantial

9   strong public interest in the disclosure of memorandum requested.   DOJ's refusal to release this

10   memorandum that is believed to be within its custody and control constitutes an abuse of DOJ's

11   discretion.

12

13   　　　　**Violation of FOIA for Failure to Make Promptly Available**

14   　　　　**the Record Sought by FAC's Request**

15   　　　　16.   FAC repeats and realleges the allegations contained in paragraphs 1 through 15

16   above, inclusive.

17   　　　　17.   FAC has a legal right under FOIA to obtain the agency record it requested on

18   October 5, 2011, and there exists no legal basis for DOJ's failure to make available this record.

19   　　　　18.   DOJ's failure to make promptly available the record sought by FAC's request

20   violates FOIA, 5 U.S.C. § 552(a)(3)(A) and (a)(6)(A)(ii), and applicable regulations promulgated

21   thereunder.

22   **WHEREFORE,** FAC requests the Court award it the following relief:

23   　　　　1.   Declare that DOJ violated FOIA in its response to FAC's FOIA request;

24   　　　　2.   Order DOJ to immediately disclose the requested record to FAC and enter an

25   injunction prohibiting DOJ from continuing to withhold the requested record from the public;

26   　　　　3.   Award FAC its reasonable costs and attorneys' fees;

27   　　　　///

28   　　　　///

DAVIS WRIGHT TREMAINE LLP

FAC v. DOJ COMPLAINT FOR DECLARATORY RELIEF FOR VIOLATING FOIA
Case No. [          ]

1      4.      Grant such other relief as the Court may deem just and proper.

2   DATED this _2 9th_ day of February, 2012.

3                                    Respectfully submitted,

4                                    DAVIS WRIGHT TREMAINE LLP

5

6                                    By: _____

7                                         THOMAS R. BURKE

8                                    Attorneys for Plaintiff FIRST AMENDMENT
                                     COALIATION
9

DAVIS WRIGHT TREMAINE LLP

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FAC v. DOJ COMPLAINT FOR DECLARATORY RELIEF FOR VIOLATING FOIA
Case No. [                    ]

# EXHIBIT A

**From:** Peter Scheer <pscheer@earthlink.net>
**Date:** October 5, 2011 10:25:07 PM PDT
**To:** usdoj-officeoflegalcounsel@usdoj.gov
**Subject: FOIA Request to OLC/USDOJ**

October 5, 2011                              By Email to: usdoj-officeoflegalcounsel@usdoj.gov

Office of Legal Counsel                      Attn: Ms. Farris
US Department of Justice
Room 5515
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Re: Freedom of Information Act Request for OLC Document

Dear  Ms. Farris:

On behalf of the First Amendment Coalition, a nonprofit organization, I submit this
request for records under   the Freedom of Information Act (5 U.S.C. Section 552). I am
requesting the following document:

A legal memorandum prepared by OLC concerning the legality of the lethal targeting of
Anwar al-Aulaqi, an American-born radical cleric who, according to federal government
officials, was killed September 30, 2011 in a U.S. drone strike in Yemen. The
memorandum was the subject of a story ("Secret U.S. memo sanctioned killing of
Aulaqi") in the September 30, 2011 Washington Post, in which multiple (albeit
unnamed) administration officials discussed the memorandum and internal government
debates on the legal issues addressed in it.

The memorandum is almost certainly classified. However, I am not interested in factual
information about intelligence sources and methods or US military capabilities. I am
interested only in the memorandum's discussion of the legal issues posed by
prospective military action against a dangerous terrorist who also happens to be a US
citizen. I believe the requested memorandum, redacted to remove all sensitive factual
information, but retaining most or all of the memorandum's discussion of legal
issues--can be released without causing or threatening any harm to national security.

A legal explanation or justification for the targeting of al-Aulaqi need not say anything
about the technology used in the operation (e.g. drones or something else), the country
or countries involved, the extent of foreign governments' cooperation, or the identity of
participating US government agencies. Although release of a redacted memorandum
likely would acknowledge the existence of a US   covert action, that is not a legitimate
concern here: the US government already has taken credit for this operation.

Please send me the redacted memorandum either as a paper record (by mail) or a PDF
file (by email or disk).


EXHIBIT A

I am requesting a waiver of all fees under 5 U.S.C. Section 552(a)(4)(A)(iii). The information requested is in the public interest because it will contribute significantly to public understanding of the operations and activities of the government and is not primarily in my, or any other person's, commercial interest. The First Amendment Coalition, although not itself a news organization, has many news media outlets as members and acts as a representative of news media. See National Security Archive v. U.S. Department of Defense, 279 U.S. App. D.C. 308 (D.C. 1989). In any event, note that  5 U.S.C. Section 552(a)(4)(A)(iv)(II) requires that you provide the first 100 copies to me at no charge.

If you are uncertain about what records I am requesting, or if you have any questions, please contact me. (Phone number and email are below).

Thank you for your consideration of this matter.


Sincerely Yours,


Peter Scheer, Executive Director
FIRST AMENDMENT COALITION
534 4th St., Suite B
San Rafael, CA 94901
415.460.5060  /  415.886.7081 (direct)
pscheer@firstamendmentcoalition.org
http://www.firstamendmentcoalition.org
-------------------------------------------------------------------

EXHIBIT A

# EXHIBIT B



**U.S. Department of Justice**

Office of Legal Counsel

---

*Washington, D.C. 20530*

October 25, 2011

Peter Scheer
First Amendment Coalition
534 4th Street, Suite B
San Rafael, CA 94901

Dear Mr. Scheer:

This responds to your Freedom of Information Act request dated October 5, 2011, in which you seek "a legal memorandum prepared by OLC concerning the legality of the lethal targeting of Anwar al-Aulaqi."

Pursuant to FOIA Exemptions One, Three and Five, 5 U.S.C. § 552(b)(1), (3) and (5), the Office of Legal Counsel neither confirms nor denies the existence of the document described in your request. We cannot do so because the very fact of the existence or nonexistence of such a document is itself classified, protected from disclosure by statute, and privileged.

I am required by statute and regulation to inform you that you have the right to file an administrative appeal. Any administrative appeal must be received within 60 days of the date of this letter by the Office of Information Policy, United States Department of Justice, Flag Building, Suite 570, Washington, D.C. 20530-0001. Both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

Sincerely,

Paul P. Colborn
Special Counsel

EXHIBIT B

# EXHIBIT C



FIRST AMENDMENT
C O A L I T I O N

December 12, 2011

Office of Information Policy
United States Department of Justice
Flag Building, Suite 570
Washington, DEC 20530-0001

Re: FOIA Request Administrative Appeal

Dear Sir/Madam:

This is an administrative appeal of the US Justice Department's
October 25, 2011 denial of the First Amendment Coalition's October 5,
2011 FOIA request to the Justice Department's Office of Legal Counsel
(both of which are included with this appeal letter).

The Coalition's request was for:

**"A legal memorandum prepared by OLC concerning the legality of the
lethal targeting of Anwar al-Aulaqi, an American-born radical cleric
who, according to federal government officials, was killed September
30, 2011 in a U.S. drone strike in Yemen. The memorandum was the
subject of a story ("Secret U.S. memo sanctioned killing of Aulaqi")
in the September 30, 2011 Washington Post, in which multiple (albeit
unnamed) administration officials discussed the memorandum and
internal government debates on the legal issues addressed in it."**

OLC responded that it "neither confirms nor denies the existence of
the document . . ." It said it must do so because "the very fact of
the existence or nonexistence of such a document is itself classified,
protected from disclosure by statute, and privileged."

At the outset, we wish to be clear that the Coalition is not
requesting any information on intelligence sources and methods, US
government military capabilities, or other sensitive national security
matters.  What we are seeking is a public airing of OLC's analysis
of legal authorities and issues relevant to the decision of the US
government to select for lethal targeting Anwar al-Aulaqi, a US
citizen who had joined forces with a foreign terrorist organization.

We believe the requested memorandum---redacted to remove all sensitive
factual information, but retaining all of the memorandum's discussion
of legal and policy issues--can be released without causing or
threatening any harm to national security. The public interest in this
information--to ascertain that government officials have weighed these
issues responsibly and drawn legally sound conclusions--is profound.



Under FOIA, the government may not withhold a record in its entirety on the basis that some information in the record is exempt from disclosure. FOIA provides that any "reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt . . ." 5 U.S.C. Section 552(b) (final sentence). This requirement, added to FOIA in 1974, has been strictly enforced by the federal appellate courts. *See Army Times Pub. Co. v. Department of the Air Force*, 998 F.2d 1067, 1068 (D.C. Cir. 1993) (Agency "has the burden of demonstrating that no reasonably segregable information exists within the documents withheld."); *PHE, Inc. v. Department of Justice*, 983 F.2d 248 (D.C. Cir. 1993).

Moreover, the FOIA segregation requirement has been held to be fully applicable to documents withheld on national security grounds. *Krikorian v. Department of State*, 984 F.2d 461, 467 (D.C. Cir. 1993) (documents relating to sensitive foreign relations matters and international terrorism). Although federal courts may defer to government agencies on the question of the sensitivity of classified information within a document, *see ACLU v. Department of Defense*, 628 F.3d 612 (DC Cir 2011), no similar deference applies where, as here, the issue is an agency's withholding of NONsensitive information in a record containing both sensitive and nonsensitive information.

Reading between the lines of the government's cryptic denial in this matter, OLC is saying it has no obligation to disclose the "reasonably segregable" nonexempt portions of the requested OLC memo because the record's very existence (or nonexistence) is classified, thereby rendering the entire record exempt. Reading further between the lines of OLC's denial, we can infer that the document's existence is classified because the counter-terrorism operation to which it relates--a US drone strike targeting Aulaqi--is classified.

This argument, too, must fail because the US government announced to the world that a successful US drone operation in Yemen had killed Aulaqi. High level government officials, acting within their authority, initiated briefings about the completed operation with journalists. In doing so they did not merely acknowledge what the world already knew, but rather revealed a successful US clandestine operation about which the world knew nothing. And although these briefings were conducted on a not-for-attribution basis, that fig leaf of anonymity does not alter the fundamentally official nature of the disclosure.

It bears repeating that the government's affirmative disclosure of the Aulaqi operation does not place all information, or even most information, about that sensitive operation in the public domain via FOIA. Not at all. The government's affirmative disclosure simply means that it may not escape its obligation under section 552(b) of FOIA to disclose portions of a memorandum that are themselves NONsensitive.

Finally, we would like to suggest an alternative disclosure that the

Justice Department might regard as preferable from a national security standpoint. Specifically, the Coalition will accept as a full response to its October 5 record request the release by the government of a nonclassified version of the requested OLC memo.  We recognize, of course, that this alternative likely would require the drafting of a new document.

Thank you for your consideration of this administrative appeal.

Sincerely yours,

Peter Scheer

cc: Thomas Burke

Encs