THOMAS R. BURKE (State Bar No. 141930)
JEFF GLASSER (State Bar No. 252596)
JONATHAN L. SEGAL (State Bar No. 264238)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111
Telephone: (415) 276-6500
Facsimile: (415) 276-6599
Email: thomasburke@dwt.com; jeffglasser@dwt.com;
jonathansegal@dwt.com

Attorneys for Plaintiff
FIRST AMENDMENT COALITION

AMY E. POWELL
ELIZABETH SHAPIRO
U.S. Department of Justice
Federal Programs Branch
20 Massachusetts Ave
Washington, DC 20001
Telephone: 202-514-9836
Facsimile: 202-616-8202
Email: amy.powell@usdoj.gov

Attorneys for Defendant
DEPARTMENT OF JUSTICE

IN THE UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| FIRST AMENDMENT COALITION,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>U.S. DEPARTMENT OF JUSTICE,<br><br>　　　　　Defendant. | Case No. **CV 12-01013 CW**<br>Assigned to the Hon. Claudia Wilken<br><br>**JOINT STATUS REPORT** |

Pursuant to the Court's Order of June 3, 2013, Plaintiff First Amendment Coalition ("FAC") and Defendant United States Department of Justice (the "Government"), hereby submit the following joint status report.

On June 21, 2013, the Government submitted a revised response to FAC's FOIA request. A true and correct copy of that revised response is attached as Exhibit A to this Joint Status Report. In compliance with this Court's order, Counsel for the Parties met and conferred but were unable to reach agreement on a briefing schedule. FAC seeks disclosure of the legal memoranda used to justify the targeted killing of United States citizens such as Anwar al-Aulaqi,[1] and the contents of those memoranda. The Government his identified one memorandum, pertaining to the Department of Defense, that is responsive to FAC's request. The Government has withheld this document in full under FOIA Exemptions 1, 3, and 5 and has asserted a Glomar response as to any other agencies. Given the distance between the Parties' respective positions on the appropriate next steps, each party is submitting its own position.

**FAC's Position:**

FAC does not believe any further briefing is necessary. This Court should conduct an *in camera* review of the responsive memoranda and hold a hearing in July on FAC's pending motion for summary judgment. The Government should not be able to delay this case any further by claiming that the ground beneath the Parties has shifted. If such a shift has occurred, it is because the Government itself has been digging a hole. Throughout this case, the Government has clung to the notion that it has not publicly revealed the existence of responsive materials, despite the fact that government officials, including the Defense Secretary, the Attorney General, and the President himself, have made numerous disclosures to the contrary. In the face of scrutiny by this and other litigation, it is the Government that chose to further acknowledge and provide the documents at issue to the congressional leadership. It is the Government that has been eroding the foundations of its own case. The Government should not be allowed to further delay these proceedings because it has chosen to make piecemeal disclosures.

---

[1] The parties disagree as to the scope of FAC's FOIA request.

DAVIS WRIGHT TREMAINE LLP

The Government continues to take inconsistent positions in this litigation.  The Government claimed here that it could reveal the existence of one responsive document.  But the Government told the Second Circuit, "Specifically, DOJ can now disclose that there are *a significant number of responsive classified records*, consisting of legal advice and analysis (including about al-Awlaki), requests for legal advice, internal Executive Branch legal deliberations (including legal and factual input and comments on draft legal advice and analysis), summaries of legal advice and analysis, internal attorney work product (such as draft legal advice and analysis, preliminary outlines of the same, and related questions and notes), and confidential factual information regarding terrorist organizations and individuals potentially involved in such organizations received from Executive Branch clients." Brief for Defendants-Appellees in *New York Times Co. v. United States Department of Justice*, Case No. 13-442(L), at 47, attached as Exhibit B to this Report (emphasis added).

The Government's current position is nearly identical to its position before this lawsuit was filed, and has not changed since the initial and supplemental briefing was completed on the cross-motions for summary judgment.  In its initial response to FAC's FOIA request, on October 25, 2011, the Government invoked Exemptions 1, 3, and 5 to neither confirm nor deny the existence of responsive documents.  Now, 20 months, six briefs, and countless public disclosures later, the Government asserts the same response, based on the same exemptions, that it asserted originally, as to every agency of the United States government save the Department of Defense.

As to the Department of Defense memorandum identified as responsive in the Government's latest Response, that document was already identified in the Southern District of New York during the pendency of this litigation and was discussed explicitly in FAC's briefing. See FAC Amended Cross-Motion at 5 ("But DOJ eventually conceded that OLC had prepared a memorandum for the Department of Defense that pertains to the killing of al-Awlaki in Yemen. This admission forecloses the Government from pretending that this document does not exist in this litigation."); and 7 ("But the Government already has acknowledged in the New York Times litigation that the OLC prepared a legal memorandum for DOD pertaining to the killing of al-Awlaki in Yemen.").  Although that document was already acknowledged, the Government now

contends that the revelation of its existence somehow justifies an entire new round of briefing. It does not. The Government has not revealed the contents of this document. It has not offered to produce a redacted version. Nor has it asserted different exemptions to support the withholding of this document. Rather, it still relies on Exemptions 1, 3, and 5 to justify its refusal to disclose a redacted version of the document.

Throughout this case, FAC has focused not only on the propriety of the Government's still-pervasive Glomar response, but also on whether the specific contents of the memoranda should be properly withheld. Indeed, with the numerous revelations that Government officials have made during the pendency of the case, the public has gained a bare-bones understanding of the legal justification sought here. This has allowed FAC to make its primary argument: that legal research, reasoning and case citations can be readily segregated from any operational and intelligence-related materials, and that the Court should order an in-camera review of any responsive documents to determine the existence and extent of segregable information.[2]

FAC and DOJ have already submitted voluminous arguments to the Court regarding the applicability of Exemptions 1, 3 and 5, and numerous related issues that are still at the heart of this case, including:

- Whether legal research, legal analysis, or case citations are suitable for wholesale withholding;
- Whether disclosing the redacted contents of the memoranda would reveal intelligence sources and methods, including the methods used for targeting and killing, the

---

[2] The Government continues to narrowly construe FAC's FOIA request by claiming only one responsive document exists. FAC did not and could not know whether OLC analyzed the legal ramifications of killing al-Awlaki in one document or multiple documents; that information is uniquely in the hands of the Government. But FAC's request is for the legal analysis authorizing the lethal targeting of al-Awlaki, regardless of how many memos were used to parse out the issue. *See* Compl. ¶ 1 (stating that FAC is asking for all "agency records that address the government's use of targeted lethal force against U.S. citizens abroad who are believed to have joined forces with terrorist organizations engaged in attacks against Americans"); Compl., Ex. A (FAC FOIA request seeking the legal analysis authorizing the lethal targeting of al-Awlaki, as described in a September 30, 2011 Washington Post article). To the extent that the Government has prepared multiple documents reciting the legal arguments and policy on the targeted killing of U.S. citizens such as al-Awlaki, those documents also should be disclosed as part of this litigation. *See* FAC's Cross-Motion For Summary Judgment at 4-5.

cooperation of foreign governments, and the identities of the agencies involved in such decision making;

- Whether the Government has already revealed the methods used for targeting and killing, the cooperation of foreign governments, and the identities of the agencies involved in such decision making;
- Whether the deliberative process or attorney-client privileges apply;
- Whether the revelation of the contents of the memoranda would allow terrorists to analyze the revealed contents along with other information to develop tradecraft to elude counterterrorism efforts;
- Whether to interpret FAC's FOIA request broadly or narrowly;
- Whether it is appropriate to order in-camera review of responsive memoranda.

Given the fact that these issues have been briefed extensively months ago, and the fact that the Government *already* submitted declarations in support of its withholdings, the Government cannot justify further delay so that it can concoct new declarations and factual bases for withholding this information. From the Government's position and by its insistence, it appears that after nearly a year, this case is back at square one. This position is remarkable, and wholly improper, in light of the extraordinary public attention these issues have received and the fact that the Court has already recognized the importance of moving quickly in this case, by denying the Government's first attempt to delay this case through a stay. Accordingly, FAC respectfully requests that the Court rule on its motion for summary judgment, order the Government to produce all responsive documents to the Court, and review the documents *in camera* for segregable information.

In the alternative, if, over FAC's objections, the Court is convinced that additional briefing is necessary to clarify the issues in this case, FAC requests the following briefing schedule:

- The Government may file an additional supplemental brief, limited to 15 pages, on or before September 6, 2013;
- FAC may file an opposition brief, also limited to 15 pages, on or before October 4, 2013;

Case No. CV 12-01013 CW
JOINT STATUS REPORT

Page 5

- The Court will schedule a hearing on FAC's MSJ on or before _____.[3]

**The Government's Position:**

When processing Plaintiff's FOIA request for an OLC opinion pertaining to the targeting of Anwar al-Aulaqi, the Department of Justice originally asserted a Glomar response to the Plaintiff's request because the very fact of whether the U.S. had targeted Aulaqi was then properly classified and privileged. The Department defended this administrative response in its original Motion for Summary Judgment, submitting declarations in support of the position that the existence or non-existence of any responsive records was itself classified and privileged. In May, for the first time, at the direction of the President, the Attorney General officially confirmed that the United States Government targeted Anwar al-Aulaqi, and thus no longer sought to keep that fact classified.[4] Accordingly, the Department withdrew its Motion for Summary Judgment in this matter because the underlying basis for that assertion no longer existed. In accordance with the schedule ordered by the Court, *see* Doc. No. 60, after careful consideration, the Department issued a modified response that acknowledged the existence of one responsive OLC opinion pertaining to DoD and refused to confirm or deny the existence of responsive records related to any other agency

---

[3] If the Court adopts the Government's position that summary judgment briefing should begin anew, FAC should be allowed to file a cross-motion for summary judgment and a reply, which is consistent with what occurred during the previous round of briefing.

[4] Contrary to Plaintiff's assertion, the Government had not previously acknowledged the existence of an opinion related to the targeting of Anwar al-Aulaqi in any other litigation. Although FAC apparently attempts to obscure the specificity of its original request, FAC requested only an OLC opinion related to the targeting of Anwar al-Aulaqi in a drone strike in Yemen. In the New York litigation with the New York Times and the ACLU, the Department had previously acknowledged the existence of an OLC opinion pertaining to DoD related to the targeting of U.S. citizens, without revealing any operational details such as a specific target. Now that the targeting of Aulaqi has been declassified, the Department has revealed that the DoD opinion specifically relates to Aulaqi.

Similarly, Plaintiff also claims above that the Government is taking an "inconsistent" position in the New York litigation now because it has acknowledged more than one document responsive to the ACLU requests seeking documents related to the legal basis for targeting U.S. citizens. Plaintiff's error is obvious from the language it quotes above. The ACLU and NY Times requests were not limited to an OLC opinion about the targeting of Anwar al-Aulaqi.

because the existence or non-existence of such records is itself classified and privileged. The newly acknowledged OLC opinion was withheld in full pursuant to Exemptions b1, b3, and b5.

Plaintiff's position that no further briefing is necessary is thus unreasonable. The Government's previous submissions were limited to the questions of whether or not the original administrative response was correct – namely, whether or not the Government could decline to confirm or deny the existence of any responsive document because the targeting of Aulaqi was a properly classified fact and whether or not that targeting or the existence of responsive documents had been previously acknowledged. The Government's previous submissions are thus nearly wholly irrelevant to the questions now presented by its defense of the June 2013 response – namely, whether the newly acknowledged opinion is properly withheld and whether the existence or nonexistence of records relating to any agency other than DoD is classified and privileged. In the briefing going forward, the Department will assert, for the first time in this litigation, FOIA exemptions over the newly acknowledged document and will provide a new basis for the modified Glomar response, which is more limited and must be supported on the basis of different arguments because the fact that the U.S. Government targeted Anwar al-Aulaki has been declassified. Accordingly, it is necessary that the Government move for Summary Judgment and that the parties fully brief the new issues presented. The Government should not and cannot be penalized – i.e., prevented from asserting its available FOIA defenses – for reconsidering its position and providing more information in light of newly declassified information. Any Court decision based on the original briefing would necessarily be limited to the propriety of the initial administrative response at the time it was made and could not reach any issues relating to the May disclosure and the supplemental response; at a minimum, such proceedings would waste the time and resources of the Court and the parties.[5]

---

[5] Moreover, Plaintiff's suggestion that the Court simply decide the propriety of withholdings on the basis of *in camera* review without the benefit of the Government's explanatory declarations is inconsistent with all established precedent. Instead, the Court should first review and accord substantial weight to the government declarations, *see Hunt v. CIA*, 981 F.2d 1116, 1119 (9th Cir. 1992), and then review the requested documents *in camera* only if necessary, *see, e.g., Lion Raisins v. Dep't of Agric.*, 354 F.3d 1072, 1079 (9th Cir. 2004) (*in camera* review of documents withheld under a FOIA exemption should "not be resorted to lightly" and is disfavored

In light of the complexity of these new issues, the extensive interagency coordination required, the likely need to prepare classified submissions for the Court's consideration, planned vacations of necessary government officials, and the press of other matters, including intervening court deadlines, Defendant proposes the following reasonable schedule:

    September 6 - Defendant files Motion for Summary Judgment

    October 4 - Plaintiff files Memorandum in Opposition

    October 25 - Defendant files Reply Memorandum

DATED: This 5th day of July, 2013    DAVIS WRIGHT TREMAINE LLP

By:    *s/ Thomas R. Burke*
     Thomas R. Burke
     Attorneys for Plaintiff
     FIRST AMENDMENT COALITION

    *s/ Amy E. Powell*
    Amy E. Powell
    Attorney for Defendant
    Department of Justice
    Federal Programs Branch, Civil Division
    20 Massachusetts Ave NW
    Washington, DC 20001
    202-514-9836
    amy.powell@usdoj.gov

---

where "the government sustains its burden of proof by way of its testimony or affidavits"); *Wiener v. FBI*, 943 F.2d 972, 979 (9th Cir. 1991) (similar).