IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIRST AMENDMENT COALITION,<br><br>      Plaintiff,<br><br>    v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br><br>      Defendant.<br>_____/ | No. C 12-1013 CW<br><br>ORDER SETTING<br>BRIEFING SCHEDULE |

    Plaintiff First Amendment Coalition has filed a motion for reconsideration of or relief from the Court's April 11, 2014 order granting Defendant Department of Justice's motion for summary judgment and denying Plaintiff's cross-motion for summary judgment. Under Federal Rule of Civil Procedure 59(e), a party may move "to alter or amend a judgment" within twenty-eight days of the entry of judgment. Fed. R. Civ. P. 59(e). "A Rule 59(e) motion is appropriate 'if the district court: (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.'" <u>Circuit City Stores, Inc. v. Mantor</u>, 417 F.3d 1060, 1064 n.1 (9th Cir. 2005) (citing <u>Sch. Dist. No. 1J, Multnomah County v. ACandS, Inc.</u>, 5 F.3d 1255, 1263 (9th Cir. 1993)). Rule 60(b) similarly allows a party to seek reconsideration of a "final judgment, order, or proceeding" when one of the following is shown: "(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that,

with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged . . .; or (6) any other reason justifying relief." Fed. R. Civ. P. 60(b).

Here, Plaintiff seeks reconsideration based on the Second Circuit's April 21, 2014 opinion in New York Times Co. v. United States Department of Justice, 2014 U.S. App. LEXIS (2d Cir.). In that opinion, the Second Circuit reversed the Southern District of New York's order declining to require the disclosure of, inter alia, the Department of Defense memorandum at issue in this suit. Plaintiff further states that the Second Circuit's opinion "flagged new evidence which the government should have disclosed or brought to this Court's attention." Specifically, Plaintiff argues that Defendant should have disclosed that, on February 4, 2013, Defendant produced a version of the related White Paper in response to another organization's Freedom of Information Act (FOIA) request. In this litigation, Defendant characterized the government as having "acknowledged" the White Paper, not having officially disclosed it.

Having considered Plaintiff's papers, the Court orders the parties to meet and confer to discuss whether the Second Circuit's order that the Department of Justice disclose the Department of Defense memorandum moots the instant case. The Court acknowledges that the time to appeal the Second Circuit's opinion has not yet passed. The parties need not meet and confer until after that deadline has passed. If the parties agree that the Second

Circuit's decision moots the case, the parties shall file a notice with the Court and may request that the Court vacate its order. If the parties do not agree or agree that the Second Circuit's opinion does not moot the instant case, Defendant shall file a response of no more than ten pages by July 14, 2014. The response shall address the merits of Plaintiff's motion and any disagreement with respect to the mootness issue. Plaintiff may file a reply of no more than five pages within seven days thereafter.

IT IS SO ORDERED.

Dated: 5/22/2014

CLAUDIA WILKEN
United States District Judge