IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIRST AMENDMENT COALITION,<br><br>      Plaintiff,<br><br>  v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br><br>      Defendant.<br>_____/ | No. C 12-1013 CW<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO VACATE AND DENYING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS<br>Docket Nos. 96 and 103 |

    Currently before the Court are (1) Plaintiff First Amendment Coalition's motion to vacate the Court's April 11, 2014 order granting Defendant Department of Justice's motion for summary judgment and denying Plaintiff's cross-motion for summary judgment in this Freedom of Information Act (FOIA) case; and (2) Plaintiff's motion for attorneys' fees and costs. Defendant opposes both motions. Having considered the parties' papers, the Court GRANTS Plaintiff's motion to vacate (Docket No. 96) and DENIES its motion for attorneys' fees and costs (Docket No. 103).

BACKGROUND

    This case, filed February 29, 2012, stems from Plaintiff's FOIA request to Defendant seeking Department of Justice, Office of Legal Counsel memoranda regarding the United States' involvement in the targeted killing of Anwar al-Awlaki. In response, Defendant acknowledged the existence of one responsive memorandum, the Office of Legal Counsel-Department of Defense (OLC-DOD)

memorandum and otherwise issued a partial Glomar[1] response, refusing to confirm or deny the existence of OLC opinions related to any other agency.

The New York Times and the American Civil Liberties Union (ACLU) had previously made requests encompassing the documents at issue in this case and a great deal of other material. After receiving similar responses to those in this case, the New York Times and ACLU had filed lawsuits on December 20, 2011 and February 1, 2012 in the United States District Court for the Southern District of New York (SDNY), seeking the records they had requested. The SDNY Court consolidated the cases and granted the government's motion for summary judgment and denied the ACLU's and New York Times' cross-motions. The SDNY Court declined to require the disclosure of, inter alia, the OLC-DOD memorandum at issue in this suit. Both the ACLU and the New York Times appealed the SDNY Court's order to the Second Circuit.

At the time this Court entered its order granting Defendant's motion for summary judgment and denying Plaintiff's cross-motion for summary judgment, oral argument had been heard in the Second Circuit and the appeals had been submitted for decision. Ten days after this Court entered its order, the Second Circuit issued its opinion, reversing the SDNY Court's order. The Second Circuit rejected the government's partial Glomar responses from the Office

---

[1] The refusal to confirm or deny the existence of responsive records is called a Glomar response. See Phillippi v. CIA, 546 F.2d 1009, 1013 (D.C. Cir. 1976) (discussing issue of whether CIA could refuse to confirm or deny its ties to Howard Hughes' submarine retrieval ship, the Glomar Explorer).

2

of Legal Counsel and the Central Intelligence Agency (CIA) and ordered disclosure of the OLC-DOD memorandum.

Based on the Second Circuit's opinion, Plaintiff here filed a motion for reconsideration of or relief from this Court's summary judgment order. Plaintiff noted that the Second Circuit's opinion "flagged new evidence which the government should have disclosed or brought to this Court's attention." Specifically, Plaintiff argued that Defendant should have disclosed that, on February 4, 2013, Defendant produced a version of a White Paper related to the OLC-DOD memorandum in response to another organization's FOIA request. In this litigation, Defendant had characterized the government as having "acknowledged" the White Paper, not having officially disclosed it.

This Court directed the parties to meet and discuss whether the Second Circuit's order that the Department of Justice disclose the OLC-DOD memorandum mooted the instant case. The Court advised that, if the parties agreed that the Second Circuit's decision mooted the case, the parties should file a notice with the Court and could request that the Court vacate its order. The Court further directed that, if the parties did not agree or agreed that the Second Circuit's opinion did not moot the instant case, Defendant should file a response to the motion for reconsideration.

On August 28, 2014, the parties submitted a joint status report, stating that Defendant had produced redacted versions of the OLC-DOD memorandum and of a second memorandum from the OLC to the CIA, and had affirmed that these were the only documents responsive to Plaintiff's request. The parties agreed that these

3

disclosures resolved all substantive disputes in the case, but the parties disagreed regarding whether the Court should vacate its summary judgment order and whether Plaintiff is entitled to attorneys' fees.  The Court set a briefing schedule and the instant motions followed.

## DISCUSSION

I.   Motion to Vacate

Plaintiff moves to vacate the Court's order granting Defendant's motion for summary judgment and denying Plaintiff's cross-motion for summary judgment.  Plaintiff first argues that, under Supreme Court precedent, vacatur is required because Defendant's decision to release the OLC-DOD memorandum and the CIA memorandum in August rendered the case moot while it was still under review.  In United States v. Munsingwear, Inc., the Supreme Court held, "The established practice of the Court in dealing with a civil case from a court in the federal system which has become moot while on its way here or pending our decision on the merits is to reverse or vacate the judgment below and remand with a direction to dismiss."  340 U.S. 36, 39-40 (1950).  Applying Munsingwear, the Ninth Circuit has held that "automatic vacatur [is] the established practice, applying whenever mootness prevents appellate review."  Dilley v. Gunn, 64 F.3d 1365, 1370 (9th Cir. 1995) (internal quotation marks omitted).  "Vacatur in such a situation 'eliminates a judgment the loser was stopped from opposing on direct review.'"  NASD Dispute Resolution, Inc. v. Judicial Council, 488 F.3d 1065, 1068 (9th Cir. 2007) (quoting Arizonans for Official English v. Arizona, 520 U.S. 42, 71 (1997). Vacatur is appropriate in such a situation because otherwise, "the

4

lower court's judgment, 'which in the statutory scheme was only preliminary,' would escape meaningful appellate review thanks to the 'happenstance' of mootness." Id. (quoting Munsingwear, 340 U.S. at 39).

Plaintiff further cites a D.C. Circuit case in which the government unilaterally decided to release a document after a district court found that the document was exempt from disclosure and while the district court's decision was on appeal. In Armstrong v. Executive Office of the President, 97 F.3d 575, 582 (D.C. Cir. 1996), the government claimed that a document was covered by Exemption 3 to the FOIA. The district court agreed with the government and the plaintiff sought appellate review. While the appeal was pending, the government released the document. Citing Munsingwear, the D.C. Circuit agreed with the plaintiff's argument that the case was moot and the district court's decision should be vacated.

Defendant counters that it did not take unilateral action that rendered this case moot. Instead, Defendant asserts that it acted as the result of a court order in another jurisdiction. Defendant asserts that the reasoning of Munsingwear does not apply in such situations. Defendant further suggests that vacatur is not appropriate in this case because both parties gave up their right to review. Defendant asserts that Plaintiff could have challenged the redactions to both of the memoranda disclosed, but it voluntarily gave up the right to do so. Accordingly, Defendant argues that this case is more similar to a case in which the parties settled than a case in which the government unilaterally decided to change its policy. In U.S. Bancorp Mortgage v. Bonner

5

Mall Partnership, the Supreme Court held, "Where mootness results from settlement, . . . the losing party has voluntarily forfeited his legal remedy by the ordinary processes of appeal or certiorari, thereby surrendering his claim to the equitable remedy of vacatur."  513 U.S. 18, 26 (1994).

However, the Court finds that neither Munsingwear nor Bonner Mall applies in this case.  Both of those cases, and the Ninth Circuit cases that follow them, announce a practice adopted by appellate courts to vacate a district court's judgment and direct the district court to dismiss a case when it becomes moot while on appeal.  See, e.g., Coty Inc. v. C Lenu Inc., 2011 WL 573837, *5 (S.D. Fla.) (holding that Munsingwear and Bonner Mall do not apply where a party seeks to vacate a discovery order that has become moot); Railway Labor Executives' Ass'n v. Wheeling & Lake Erie Ry. Co., 765 F. Supp. 249, 252 n.8 (E.D. Va. 1991) ("Munsingwear, at most, requires an appellate court to vacate a district court's decision . . . .  Munsingwear imposes no such requirement on district courts.") (internal citations omitted).

Nonetheless, the Court asked the parties to inform it whether they agreed that the Second Circuit's disclosure order mooted the instant case.  Docket No. 91.  The parties responded by reporting that they agreed that no substantive issues remain in the case.  Docket No. 92.  The Court finds that the case is moot based on both parties' decision to abandon their right to review.  Not only did the government abandon its right to seek en banc review in the Second Circuit or to file a petition for a writ of certioriari, it voluntarily disclosed the CIA memorandum to Plaintiff in this case and, when asked to state its position on whether this case is

6

moot, responded that there were no issues left for this Court to consider.  At the same time, Plaintiff abandoned its right to pursue its motion for reconsideration, to appeal this Court's summary judgment order and to challenge the redactions to the OLC-DOD memorandum and the CIA memorandum.  Here the Court was not called upon to consider Plaintiff's motion for reconsideration of the summary judgment order.  As the Second Circuit pointed out, and Plaintiff argued in the abandoned motion to reconsider, the Court may not have been fully apprised of the facts surrounding the White Paper related to the OCL-DOD memorandum.  In its papers, the government suggests that the Second Circuit and Plaintiff are mistaken in their interpretation of the significance of the White Paper.  However, the Court has not had occasion to consider either party's position on the issue, and there is no reason to do so now.  Accordingly, the Court now exercises its discretion to vacate its summary judgment order.

II.  Motion for Attorneys' Fees

Plaintiff next argues that it is entitled to attorneys' fees under the FOIA, which provides that a "court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case . . . in which the complainant has substantially prevailed."  5 U.S.C. § 552(a)(4)(E)(i).  "[A] complainant has substantially prevailed if the complainant has obtained relief through either (I) a judicial order, or an enforceable written agreement or consent decree; or (II) a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial."  5 U.S.C. § 552(a)(4)(E)(ii).

7

Defendant in this case released the documents largely as a result of the Second Circuit's ruling in NY Times, not as a result of the ruling in this case. This does not satisfy the requirements of § 552(a)(4)(E)(ii). Moreover, Plaintiff voluntarily abandoned its motion for reconsideration of the Court's order and agreed that no issues remained for litigation instead of pursuing an appeal. Accordingly, the Court denies Plaintiff's motion for attorneys' fees.

CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion to vacate (Docket No. 96) and DENIES Plaintiff's motion for attorneys' fees (Docket No. 103). The Court's opinion of April 11, 2014 is VACATED.

IT IS SO ORDERED.

Dated: 12/15/2014

CLAUDIA WILKEN
United States District Judge